# IN THE COURT OF APPEALS OF IOWA

No. 17-1266
Filed May 16, 2018

**LAMONT CARL MONROE,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

The applicant appeals the district court decision denying his request for

postconviction relief from his conviction of second-degree burglary. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Lamont Monroe appeals the district court decision denying his request for postconviction relief from his conviction of second-degree burglary. Monroe has not shown an amendment to Iowa Code section 902.12(3) (2016) violated his equal protection rights. The issue of whether an indigent person should be required to pay a filing fee has not been properly presented in this appeal and we do not consider it. We affirm the decision of the district court.

### I.      Background Facts & Proceedings

Monroe pled guilty to second-degree robbery, in violation of Iowa Code section 711.3 (2015), a class "C" felony. On April 17, 2015, he was sentenced to a term of imprisonment not to exceed ten years. The sentencing order stated Monroe would "be denied parole or work release unless he has served at least seven-tenths of the maximum term of his sentence." Monroe did not appeal his conviction.

Section 902.12(3) was amended effective July 1, 2016, to provide:

> A person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3 for a conviction that occurs on or after July 1, 2016, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 3.

2016 Iowa Acts ch. 1104, § 8.

Monroe filed an application for postconviction relief on August 12, 2016. He claimed under the due process and equal protection clauses he should be resentenced in light of the amendment to section 902.12(3). The district court denied Monroe's claim, finding "Defendants finally adjudicated and convicted

before July 1, 2016, are not similarly situated to Defendants finally adjudicated and convicted after July 1, 2016."

Monroe's request to proceed in forma pauperis in the postconviction action was approved by the district court, which ruled Monroe could prosecute the case "without prepayment of fees, costs, or security." The order denying Monroe's claims on the merits stated all court costs were assessed to Monroe. Monroe filed a motion to strike the assessment of a filing fee. Before the court could rule on his motion, however, he filed a notice of appeal on August 10, 2017. The court entered an order on September 1, 2017, denying the motion, noting "The Order does not state that a filing fee will not be assessed but rather that the Applicant can proceed without prepayment." Monroe did not separately appeal the September 1, 2017 ruling.

## II. Sentencing

Monroe claims the amendment to section 902.12(3) violates equal protection because it treats some defendants who committed offenses prior to July 1, 2016, differently than others who committed offenses after that date. He states section 902.12(3) is unconstitutional because it differentiates between those convicted on or after July 1, 2016, and those previously convicted, rather than making a distinction as to when the offense was committed. Monroe asserts a strict scrutiny analysis of the statute should be used. We review constitutional claims de novo. *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005).

We previously addressed this issue in *Clayton v. Iowa District Court*, 907 N.W.2d 824, 828 (Iowa Ct. App. 2017), where we determined a rational-basis review should be applied. We stated:

> We conclude Clayton is not similarly situated to those persons not-yet convicted of robbery in the first or second degree as of July 1, 2016. His conviction was final on the date the law went into effect. "Our supreme court and the U.S. Supreme Court have both upheld classifications of litigants based on the status of their case—i.e., whether a litigant's direct appeal was made final before or after—a change in the law." More specifically, our case law recognizes finality as a material distinction between classes of defendants for the purposes of determining whether a change in law should be made retroactive.

*Clayton*, 907 N.W.2d at 828 (citation omitted).

We determine Monroe has not shown his equal protection rights were violated.

### III. Filing Fee

Monroe claims it is unconstitutional and in violation of section 822.2 to require an indigent person to pay a filing fee. Monroe filed a notice of appeal before the district court ruled on his motion to strike the assessment of the filing fee. In general, filing a notice of appeal deprives a court of jurisdiction of a case, except for collateral issues. *Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004). On an issue that is not collateral to the judgment, filing an appeal before the court rules on the motion is considered to be a waiver or abandonment of the motion. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). If the issue concerning the filing fee is not collateral to the judgment, Monroe waived the issue by filing his notice of appeal before the court ruled on the motion.

On the other hand, "rulings on collateral or independent issues after final judgment are separately appealable as final judgments." *State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002). When a party does not file a separate notice of appeal from a court's ruling on a collateral issue, "that issue is not before the court

on appeal." *Iowa State Bank*, 683 N.W.2d at 110. If the issue concerning the filing fee is collateral to the judgment, the issue is not before the court in this appeal because Monroe did not file a separate notice of appeal after the court entered an order on the motion.

Under either scenario, the issue has not been properly presented in this appeal and we do not address it.

We affirm the district court's ruling that denied Monroe's application for postconviction relief.

**AFFIRMED.**